UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMIE POMAIBO,<br><br>  Plaintiff,<br><br>v.<br><br>ALLEGHENY COUNTY JAIL,<br><br>  Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT

NOW COMES, Plaintiff, Jamie Pomaibo, by and through his attorney, Sean L. Ruppert, Esq., of Kraemer, Manes & Associates LLC, and files this Complaint alleging as follows:

### I. Nature of the Action

1. Plaintiff brings this Complaint to recover damages under the Americans with Disabilities Act ("ADA"), 42 U.S.C §12101-12213 and the Family Medical Leave Act ("FMLA"), 29 U.S.C. § 2601 et seq. Plaintiff was terminated due to his disability and in retaliation for taking FMLA leave.

### II. Jurisdiction and Venue

2. This action arises under the ADA. This Court has jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1331.

3. This Court has supplemental jurisdiction over Plaintiff's discrimination claims pursuant to 28 U.S.C. § 1367(a).

4. Plaintiff is a resident and citizen of Pennsylvania, a substantial part of the events or omissions giving rise to the claims occurred in Western Pennsylvania, and, therefore, this action

is within the jurisdiction of the United States District Court for the Western District of Pennsylvania and the venue is proper pursuant to 28 U.S.C. § 1391(b).

### III. Parties

5. Plaintiff, Jamie Pomaibo, is an adult individual with a primary residence located at 818 Joseph Street, North Versailles, PA 15137.

6. Defendant, Allegheny County Jail ("Defendant"), is a government organization located at 950 2nd Avenue, Pittsburgh, PA 15219.

### IV. Facts

7. Plaintiff had been employed by Defendant as a "Correctional Officer" beginning in April 2014.

8. Plaintiff is disabled in that he suffers from Cystic Fibrosis, as well as Cystic Fibrosis induced Pancreatitis. He is also disabled in that he suffers from a chronic shoulder injury due to a rotator cuff that has been torn four (4) times, and a torn bicep tendon. He will require a full shoulder replacement eventually, as well as consistent therapy for the rest of his life.

9. Plaintiff was on FMLA leave for a Pancreatitis flare from May 2015 through September 2015.

10. On or about December 29, 2015, Plaintiff went to the emergency room for severe right shoulder pain.

11. Plaintiff was given a light duty restriction by his doctor until his appointment with an orthopedic surgeon, scheduled for early January 2016.

12. An MRI in January 2016 showed the torn rotator cuff and torn bicep tendon which required surgical repair. The surgery was scheduled for March 2016.

13. Several weeks after surgery, Plaintiff's rotator cuff tore again, which required another surgery on June 3, 2016.

14. Plaintiff was again released to work with light duty restrictions. He was informed that no light duty work was available, and given a reasonable accommodation in the form of leave of absence until he was fit to work.

15. In August 2016, Plaintiff received a letter stating that his medical leave was extended through September 1, 2016. He was given no instructions regarding next steps to return to work.

16. Upon receipt of the letter, Plaintiff spoke to Nicole Nagle in Human Resources and informed her that he had a doctor's appointment scheduled for September 1 with regards to his release to work. Ms. Nagle agreed to wait until the physician's decision. This conversation happened on September 1, 2016, the day of Plaintiff's receipt of the letter.

17. Plaintiff went to his appointment and was given a release for light duty from his physician on September 29, with his full release to begin on November 4th.

18. Plaintiff informed Ms. Nagle that he could return without restrictions on November 4th. He also asked for a reasonable accommodation from September 29 through November 4 in the form of a temporary light duty position.

19. Defendant was unwilling to engage in talks about a reasonable accommodation. Another employee with a similar shoulder injury was given a reasonable accommodation for his injury in the form of a light duty position. Plaintiff was refused this exact same accommodation, despite his willingness to perform light duty work until he was cleared for full duty.

20. Plaintiff was terminated on September 30, 2016.

21. After his termination, Plaintiff's Union Representatives held a meeting where Warden Orlando Harper, Deputy Warden of Operations Simon Wainwright, and Allegheny County Manager William McCain were present. Also present was Union President Eric Paul and Union Vice President Jason Batykeefer.

22. During that meeting, the Warden specifically said to my client "we do not wish to hire Mr. Pomaibo back because we at the new Allegheny County Prison are trying to get away from people who use FMLA."

23. Plaintiff filed a timely complaint, via facsimile, with the Equal Opportunity Employment Commission ("EEOC") on January 6, 2017. *See Exhibit 1*.

24. The EEOC issued a Notice of Right to Sue on September 1, 2017. *See Exhibit 2*.

### V. Allegations

#### COUNT I
#### ADA Discrimination

25. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

26. Defendant paid Plaintiff on a regular payroll basis in exchange for duties performed by the Plaintiff, and for the Defendant, within its regular coarse of the Defendant's business. Defendant therefore constitutes an employer, and Plaintiff an employee, within the meaning of the ADA.

27. Plaintiff suffers from a chronic shoulder injury due to his rotator cuff being torn four (4) times and a torn bicep tendon. His symptoms include shoulder pain, inflexibility, swelling, and weakness. His ADA-recognized disability will require an eventual complete shoulder replacement. He requires consistent therapy for the rest of his life for this disability.

28. Plaintiff's disabilities substantially limit one or more major life activities, including lifting objects and working.

29. Plaintiff requested a reasonable accommodation in the form of a temporary light duty position during a period when his symptoms were exacerbated. Plaintiff further stated that he could return to full-duty, and perform all essential functions of his job, if he was allowed to perform light duty work for roughly one (1) month.

30. Upon receipt of his request, Defendant refused to engage in discussion of a reasonable accommodation for Plaintiff's disability.

31. Another employee with a similar shoulder injury was given a reasonable accommodation for his injury, in the form of a temporary light duty position.

32. Defendant terminated Plaintiff the day after his request for a reasonable accommodation.

33. Plaintiff was willing and able to perform the essential functions of his job with a reasonable accommodation.

34. Plaintiff believes, and therefore avers, that Defendant terminated him due to disability discrimination in violation of the ADA.

35. As a direct result of Defendant's unlawful acts and omissions, Plaintiff suffered actual damages.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; compensatory damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

## COUNT II
### FMLA Retaliation

36. The averments contained in the preceding paragraphs are incorporated herein as if set forth at length.

37. Plaintiff required FMLA leave in late 2015 for his Cystic Fibrosis-induced Pancreatitis.

38. Subsequent to his FMLA leave expiring, Plaintiff took a leave of to recover from an exacerbation of symptoms from a chronic shoulder disability.

39. Plaintiff was terminated on September 30, 2016.

40. In a meeting subsequent to Plaintiff's termination, the Warden stated in front of multiple witnesses, "We do not wish to hire Mr. Pomaibo back because we at the new Allegheny County Prison are trying to get away from people who use FMLA."

41. Plaintiff therefore avers that he was terminated in retaliation for his prior FMLA leave use and in anticipation of future need for FMLA leave in violation of Federal Law.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment for the Plaintiff, and against the Defendant for: loss of wages; front pay as deemed appropriate by the court; liquidated damages; plaintiff's legal fees; pre-judgment and continuing interest; court costs; and any other such relief as the Court may deem just and proper.

Respectfully Submitted,

/s/ Sean L. Ruppert
Sean L. Ruppert, Esq.
PA ID: 314380
**KRAEMER, MANES & ASSOCIATES LLC**
600 Grant St, Suite 4875
Pittsburgh, PA 15219
(412) 626-5550 Direct
(412) 637-0144 Fax
sr@lawkm.com